UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AMANDA U. AJULUCHUKU

v.  C.A. No. 05 - 197 S

ACCOUNTEMPS OF ROBERT HALF

### Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

Amanda U. Ajuluchuku ("plaintiff"), *pro se*, filed a complaint and named as a defendant Accountemps of Robert Half ("defendant"), alleging claims of employment discrimination based upon disability, color and gender. Plaintiff seeks damages in the amount of one trillion dollars. Plaintiff alleges the following factual allegations in her complaint:

In October 2003, Carmine Larocca ("Larocca") refused to assign the plaintiff to a job in Providence, Rhode Island. Plaintiff alleges that Larocca informed her that he had many jobs, but referred to a "do not hire policy." Plaintiff alleges that she then contacted the "Boston Office" for placement. The "Boston Office" informed her that there were no openings available for December 2003, but that perhaps that she could be placed into a position in January 2004. However, due to her economic situation and dislike of the cold-wintery weather of Boston, plaintiff accepted a marriage proposal and moved to Washington. Based upon these allegations, plaintiff seeks to hold the named defendant, Accountemps of Robert Half, liable for employment discrimination.

Of particular significance to the instant case, plaintiff previously filed a lawsuit in this Court which appears to be based upon the same set of facts. See Ajuluchuku v. Accountemps of Robert

1

Half Int'l, C.A. 04-510 T ("Accountemps I"). After a careful and thorough analysis in Accountemps I, U.S. Magistrate Judge Lincoln D. Almond determined that plaintiff's complaint failed to state a claim. See id., Report and Recommendation dated December 21, 2004 (Almond, U.S.M.J.). Specifically, Judge Almond found, *inter alia*, that plaintiff's claims for employment discrimination were unexhausted and that the statute of limitations had expired. Id.[1] The complaint in Accountemps I was dismissed without prejudice. Id.

Plaintiff's instant federal claims here suffer from the same fate. As Judge Almond indicated, claims for employment discrimination pursuant to Title VII and for discrimination based upon a disability under the ADA must be exhausted prior to filing suit in federal court. See Jensen v. Frank, 912 F.2d 517, 520 (1st Cir. 1990); Brennan v. King, 139 F.3d 258, 268 (1st Cir. 1998). Moreover, a plaintiff is required to allege in her complaint that she has exhausted her administrative remedies. Walton v. Nalco Chem. Com., 272 F.3d 13, 21 (1st Cir. 2001). Here, the plaintiff failed to allege that she filed any administrative claims prior to the filing of the instant complaint. Thus, plaintiff has failed to plead that her claims are exhausted.

Moreover, pursuant to Title VII and the ADA, an administrative charge of discrimination must be filed no later than 300 days after the alleged discrimination. See 42 U.S.C. 2000e-5(e)(1) and 12117(a). Here, the facts which allegedly give rise to plaintiff's claims occurred no later than January 2004 and it appears that plaintiff failed to pursue her claims with any administrative agency within the 300 days. Thus, plaintiff's claims are also time-barred.

Accordingly, pursuant to 28 U.S.C. § 1915(e)(2), I recommend that plaintiff's complaint be

---

[1] In Accountemps I, plaintiff asserted state law claims. In the instant case, plaintiff appears to assert only claims pursuant to Title VII and the ADA.

dismissed for a failure to state a claim. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); Local Rule 32. Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
July 15, 2005